IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-00291-03-CR-W-BCW |
| ) | |
| T. CAMERON JONES, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

This matter is currently before the Court on defendant T. Cameron Jones' Motion to Suppress Statements of Jim Aboud (doc #238). In support of his motion, defendant states:

1. This case involves a lengthy undercover operation conducted by the Bureau of Alcohol, Tobacco, and Firearms ("ATF").

2. The government's investigation in this case began in 2009 with individuals the Government suspected of supplying convenience stores in the Kansas City area with untaxed cigarettes. …

3. One target of the ATF operation was Jim Aboud. Mr. Aboud passed away in October of 2012.

4. Prior to his death, Mr. Aboud had multiple conversations with both a confidential informant and undercover ATF agents.

5. Some of these conversations were recorded.

6. In the recorded conversations, Mr. Aboud makes certain statements about his past business dealings with Mr. Jones.

7. In later conversations, to which Mr. Jones was not a participant, Mr. Aboud makes certain statements about Mr. Jones as well as Mr. Jones' alleged attitude towards becoming involved in the transactions at issue in this case.

8. Mr. Jones has never had an opportunity to question or cross-examine Mr. Aboud about these statements as Mr. Aboud passed away prior

to the indictment being filed in this case.

       9.    An out-of-court statement offered to prove the truth of the matter asserted is generally inadmissible hearsay; however, an out-of-court statement by an alleged co-conspirator may be admitted against a defendant if "on the independent evidence the district court is satisfied that it is more likely than not that the statement was made during the course and in furtherance of an illegal association to which the declarant and the defendant were parties." United States v. Bell, 573 F.2d 1040, 1044 (8th Cir. 1978). This is a preliminary question for the Court to decide. Id. at 1043.

      10.    Despite the co-conspirator exception, the admission of Mr. Aboud's statements about Mr. Jones in this case would violate Mr. Jones' Sixth Amendment right to confront the witnesses against him as Mr. Aboud is deceased and not available for cross-examination. See United States v. Lindsey, 702 F.3d 1092 (8th Cir. 2013).[1]

      11.    As a result, Mr. Jones moves to suppress Mr. Aboud's statements about him as well as any statements that Mr. Aboud attributes to Mr. Jones pursuant to the Sixth Amendment to the Constitution as well as pursuant to Federal Rule of Evidence 804.

(Doc #238 at 1-3)

The government responds that it intends to introduce extensive evidence of James Aboud's participation in the charged conspiracy and that the subject statements were made in the course of and in furtherance of the conspiracy in which both Aboud and T. Cameron Jones were participants. (Response to Defendant Jones' Motion to Suppress Statements of James Aboud (doc #244) at 3) The government further states that the admissibility of co-conspirator statements is not dependent upon the availability of the declarant. (Id. at 1)

Rule 801(d)(2)(E), of the Federal Rules of Evidence, provides:

    (d)    **Statements That Are Not Hearsay.** A statement that meets the following conditions is not hearsay:

---

[1] The Court finds the Lindsey case inapplicable as the statements in question were not admitted as statements made by a co-conspirator in furtherance of a conspiracy.

2

> (2) **An Opposing Party's Statement.** The statement is offered against an opposing party and:
>
> > (E) was made by the party's coconspirator during and in furtherance of the conspiracy.

Thus, pursuant to Rule 801(d)(2)(E), if the Court finds that James Aboud was a participant in the charged conspiracy and that his statements which reference T. Cameron Jones were made during and in furtherance of the conspiracy, these statements would not be considered hearsay. Statements made by a co-conspirator in furtherance of a conspiracy are admissible under Rule 801(d)(2)(E) even if the declarant is deceased at the time of trial. See United States v. Portela, 167 F.3d 687, 703-04 (1st Cir.), cert. denied, 528 U.S. 917 (1999).

Defendant Jones' Sixth Amendment argument must also fail. In United States v. Avila Vargas, 570 F.3d 1004 (8th Cir. 2009), the court found:

> In Bruton v. United States, [391 U.S. 123 (1968),] the Supreme Court held that the admission of a non-testifying defendant's statement that incriminated a co-defendant violated the latter's confrontation clause rights. 391 U.S. at 135-36. Bruton, however, does not preclude the admission of statements by a coconspirator in furtherance of the conspiracy. United States v. Spotted Elk, 548 F.3d 641, 662 (8th Cir. 2008); United States v. Singh, 494 F.3d 653, 658-59 (8th Cir. 2007); see also United States v. Coco, 926 F.2d 759, 761 (8th Cir. 1991). Such statements are generally admissible absent confrontation because they are not testimonial. Spotted Elk, 548 F.3d at 662; Singh, 494 F.3d at 658-59; see also Crawford v. Washington, 541 U.S. 36, 56 (2004)("Most of the hearsay exceptions covered statements that by their nature were not testimonial-for example, business records or statements in furtherance of a conspiracy.") Under Crawford v. Washington, the confrontation clause has no application to out-of-court non-testimonial statements. Whorton v. Bockting, 549 U.S. 406, 420 (2007); Spotted Elk, 548 F.3d at 662; see also Melendez-Diaz v. Mass., --- U.S. ----, 129 S.Ct. 2527, 2539 (2009)("Business and public records are generally admissible absent confrontation not because they qualify under an exception to the hearsay rules, but because ... they are not testimonial.") Garcia's statement identifying Vargas as his source was not testimonial and thus did not implicate Vargas's Sixth Amendment confrontation clause right. We find no Bruton error.

570 F.3d at 1008-09. Thus, any statements made by James Aboud in furtherance of the

conspiracy would not be testimonial and, thus, would not implicate defendant Jones' Sixth Amendment right to confrontation. Defendant's claim that "[d]espite the co-conspirator exception, the admission of Mr. Aboud's statements about Mr. Jones in this case would violate Mr. Jones' Sixth Amendment right to confront the witnesses against him" must fail.

For the foregoing reasons, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying defendant T. Cameron Jones' Motion to Suppress Statements of Jim Aboud (doc #238). This recommendation is not meant to foreclose defendant from challenging these statements at trial on the basis that they do not meet the requirements of Rule 801(d)(2)(E) of the Federal Rules of Evidence.

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.


       */s/ Sarah W. Hays*
       SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE